UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

**-v-**

**ROBERT HILL, et al.,**

          **Defendants.**

Case No. 3:12-cr-034

Judge Thomas M. Rose

---

**ENTRY AND ORDER OVERRULING D'ANDRE HILL'S MOTION TO SUPPRESS (Doc. #87)**

---

In the Motion To Suppress that is now before the Court, D'Andre Hill seeks to suppress evidence seized or derived from his arrest on December 13, 2011. (Doc. #87.) D'Andre Hill argues that the Government did not have reasonable suspicion to arrest him on December 13, 2011, for disorderly conduct, and that the Government was required to have reasonable suspicion of any drug activity at the tow yard and did not. The Government responds that it was not required to have reasonable suspicion, and if it was required, it had not only reasonable suspicion to arrest Hill but also probable cause. A hearing on Hill's Motion was conducted on January 10, 2013.

### FINDINGS OF RELEVANT FACTS

On December 13, 2011, officers from the Dayton Police Department ("DPD") arrived at Summit Towing in Montgomery County, Ohio, to execute State seizure warrants on two automobiles. (Transcript of 1/10/13 Hearing ("Tr.") 6.) Upon pulling into Summit Towing, DPD Detective Timothy Braun ("Detective Braun") noticed Robert Hill, D'Andre Hill and Anthony Choice standing in the tow yard near the cars that the police intended to seize. (Tr. 6-7.)

As Detective Braun and DPD Sergeant Abney made their way down into the tow yard, Robert Hill, D'Andre Hill and Anthony Choice approached them. (Tr. 8.) Detective Braun advised Robert Hill, D'Andre Hill and Anthony Choice that DPD Detective Kevin Phillips would be arriving shortly with seizure warrants for the two vehicles. (Id.) Robert Hill, D'Andre Hill and Anthony Choice then began walking toward the tow yard office. (Id.)

Shortly thereafter, Detective Braun heard yelling, and determined that D'Andre Hill was doing this yelling. (Tr. 8-9.) D'Andre Hill was approximately 15 yards from Detective Braun at the time. (Tr. 9.)

D'Andre Hill was yelling "this shit is fucked up," among other things. (Id.) Detective Braun heard Detective Phillips tell D'Andre Hill to calm down and quit cursing. (Id.) There were three other customers in the lot and one of the tow people. (Tr. 9-10.)

D'Andre Hill continued to yell and Detective Phillips asked Detective Braun if he could put D'Andre Hill into Detective Braun's police vehicle. (Tr. 9.) D'Andre Hill was then placed in Detective Braun's police vehicle. (Tr. 10.)

At the time of this incident, D'Andre Hill was under the supervision of the Ohio Adult Parole Authority. (Tr. 10.) Thus, Detective Phillips contacted D'Andre Hill's Parole Officer, Crystal Langer ("Officer Langer"), and advised her of the events that had occurred at the tow yard. (Tr. 11, 20.)

D'Andre Hill was then placed under arrest for parole violations. (Tr. 11, 27.) At this time, D'Andre Hill was subject to conditions of supervision and had been sanctioned for violations thereof. (Tr. 21-26.) One such sanction was that D'Andre Hill was to have no contact with Anthony Choice. (Tr. 26.) One condition of supervision was:

> I agree to a search, without warrant, of my person, my motor vehicle, or my place of residence by a supervision officer or other authorized representative of the Department of Rehabilitation and correction at any time. *Notice: pursuant to section 2967.131 of the Revised Code, Officers of the Adult Parole Authority may conduct warrantless searches of your person, your place of residence, your personal property, or any property which you have been given permission to use if they have reasonable grounds to believe that you are not abiding by the law or terms and conditions of your supervision.*

(Tr. Government Exhibit 1, ¶ 9.)

When D'Andre Hill was arrested, two cell phones were recovered from him. (Tr. 11, Government's Exhibit 2.) A search warrant for these two cell phones was later obtained from a state court judge. (Tr. 12, Government Exhibit 3.)

## ANALYSIS

D'Andre Hill argues that, based upon his conditions of supervision, the officers were required to have reasonable grounds to believe that he was not abiding by the law before the warrantless search of his person. In other words, D'Andre Hill argues that the Government did not have probable cause to arrest him for disorderly conduct. The Government responds that the officers were not required to have reasonable grounds and could search D'Andre Hill and his cell phone just because of his status as a parolee.

"[T]he "probable cause" and warrant requirements of the Fourth Amendment generally do not apply to searches of parolees, probationers, or their residences." *Blackshear v. Cincinnati Adult Parole Authority*, 2012 WL 3288914 at *7 (S.D. Ohio Aug. 8, 2012)(citing *United States v. Smith*, 526 F.3d 306, 308 (6th Cir. 2008)). Thus, a suspicion-less search of a parole is a fortiori reasonable and does not violate the Fourth Amendment, absent evidence that the search was conducted for some clearly improper purpose, such as harassment. *Id.*

The fact that Ohio law may provide greater protection, insofar as ORC § 2967.131

restricts warrantless searches to circumstances when parole officers have reasonable grounds to believe that the parolee is not abiding by the law or by the parolee's terms of supervision, does not mean that the Fourth Amendment provides the same protection. *Id.* Thus, under the Fourth Amendment, neither warrant and probable cause requirements apply to searches of parolees nor does the reasonable suspicion requirement in ORC § 2967.131 apply to searches of parolees. *United States v. Smith*, 526 F.3d 306, 310 (6th Cir. 2008).

The Fourth Amendment, not state law, controls in this federal proceeding where D'Andre Hill is in federal court being prosecuted for a federal crime. *See United States v. Douds*, 2009 WL 2168828 at *9 (S.D. Ohio July 21, 2009). Further, D'Andre Hill has not argued that the search of his person was conducted for some clearly improper purpose such as harassment. Therefore, the police officers that searched D'Andre Hill on December 13, 2011, were not required to have reasonable grounds to believe that he was not abiding by the law. The fact that D'Andre Hill was on parole was enough to justify this search. Further, since the search of his person was not violative of the Fourth Amendment, the seizure of his cell phones was not violative of the Fourth Amendment. Finally, although a warrant was obtained, a warrant not challenged by D'Andre Hill, a warrantless search of the cell phones found on D'Andre Hill would not have been violative of the Fourth Amendment because he was subject to the conditions of his parole at the time of this search.

In an effort to suppress the evidence obtained from the cell phone, D'Andre Hill argues that his parole status was not that of the parolee discussed in *Samson v. California*, 547 U.S. 843 (2006). However, in *Samson,* the Supreme Court noted that parolees are on a "continuum" of state-imposed punishments but did not distinguish the application of the Fourth Amendment to

different positions on that "continuum." D'Andre Hill was on parole, regardless of what he says is his parole status, and he has presented no evidence that he should be treated differently because of his parole status.

## CONCLUSION

Since D'Andre Hill is in federal court on federal charges, a Fourth Amendment analysis applies. Further, the Government has proved that the police officer's search of D'Andre Hill's person and cell phones were not violative of the Fourth Amendment. Therefore, D'Andre Hill's Motion To Suppress (doc. #87) is OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio this Twenty-Ninth Day of March, 2013.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record