UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

-v-

**ROBERT HILL, et al.,**

          **Defendants.**

Case No. 3:12-cr-034

Judge Thomas M. Rose

---

**ENTRY AND ORDER OVERRULING D'ANDRE HILL'S SECOND MOTION TO SUPPRESS (Doc. #161)**

---

In the Motion To Suppress that is now before the Court, D'Andre Hill seeks to suppress all GPS monitoring evidence of his location and any derivative evidence. (Doc. #161.) He argues that this GPS evidence was obtained in violation of his Fourth Amendment rights.

The Government filed a Response to this Motion on March 22, 2013. (Doc. #177.) A hearing on this Motion was conducted on March 27, 2013. (Doc. #179.) Following this Hearing, D'Andre Hill filed a Memorandum In Support of this Motion To Suppress. (Doc. #181.) The Government then filed a second Response that adopts and reincorporates the arguments set forth in its pre-hearing brief and offers nothing further. (Doc. #192.) The time has run and D'Andre Hill has not filed a reply. This Motion To Suppress is, therefore, ripe for decision.

**FINDINGS OF RELEVANT FACTS**

D'Andre Hill was under the supervision of Chrystal Langer, a parole officer with the Adult Parole Authority ("APA"). (Transcript of 1/10/13 Hearing ("Tr.") 19-20.) D'Andre Hill signed Conditions of Supervision on December 26, 2010. (Memorandum In Support (doc. #181), Ex. 1.)

On May 19, 2011, D'Andre Hill was placed on GPS monitoring for failing to report an address change, failing to report as ordered and consuming THC. (3/27/13 Hearing, Ex. 1.) On September 26, 2011, the GPS monitoring was extended for sixty (60) days because D'Andre Hill had tested positive for THC and had associated with Tony Knight who had a criminal background. (Id. at Ex. 2.) On January 18, 2012, the GPS monitoring was again put in place because D'Andre Hill had been arrested and failed to report as ordered. (Id. at Ex. 3.) This time the GPS monitoring was put in place for ninety (90) days. (Id.)

Discovery produced by the Government includes compact discs containing large amounts of GPS data. D'Andre Hill now seeks to suppress this data.

**ANALYSIS**

D'Andre Hill argues that his consent to APA supervision and the APA's electronic monitoring program did not authorize the APA to place a GPS surveillance monitor on his person. He also argues that, to the extent that the GPS was installed at the request of the APA, the search was pretextual and illegal.

First, D'Andre Hill authorized the APA to place a GPS surveillance monitor on his person during the dates indicated. He signed all three of the APA Sanction Receipts that are in the record whereby he agreed to the violations and agreed to the GPS monitoring. The analysis then turns to whether the GPS monitoring was illegal.

The installation of a GPS tracking device constitutes a search under the Fourth Amendment. *United States v. Jones*, 132 S. Ct. 945, 949 (2012). So the issue now becomes whether the "search" of D'Andre Hill by the use of GPS tracking violated his Fourth Amendment rights.

The Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a released prisoner who's conditions of release provide for suspicionless searches. *Samson v. California*, 547 U.S. 843, 847 (2006). Relying upon this premise, courts have upheld the use of GPS monitoring as a condition of supervised release even absent a search warrant. *See, e.g., United States v. Riggenberg*, 494 F. App'x 685, 685 (8th Cir. 2012); *United States v. Watson*, 204 F. App'x 309- 310 (4th Cir. 2006). Thus, based upon the conditions of supervision that he agreed to and the subsequent sanctions that he agreed to, the evidence obtained from the GPS monitoring of D'Andre Hill during the time that he agreed to cannot be suppressed.

D'Andre Hill argues that he was not a parolee so *Samson* does not apply. He was not a parolee, according to D'Andre Hill, because he had completed his sentence, and the *Samson* Court distinguished between a parolee and a probationer.

The *Samson* Court found that the Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a released prisoner. D'Andre Hill was a released prisoner so *Samson* does apply.

Even if *Samson* did not apply, the evidence obtained from the agreed GPS monitoring would not be suppressed. Placing D'Andre Hill, as a probationer, on GPS monitoring does not violate the Fourth Amendment if the APA had reasonable suspicion that D'Andre Hill was violating his terms of release. *United States v. Knights*, 534 U.S. 112, 121 (2001). Given that D'Andre Hill acknowledged that he had violated the conditions of his release, the APA had reasonable suspicion that he was violating his terms of release, and therefore, could put him on GPS monitoring without violating his Fourth Amendment rights. This reasonable suspicion that

D'Andre Hill was violating the terms of his release was validated at least two times after the initial sanction.

D'Andre Hill's Motion To Suppress the evidence obtained from the GPS monitoring of his location (doc. #161) is OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio this Twenty-Ninth Day of April, 2013.

                                                                **s/Thomas M. Rose**
                                                       _____
                                                         THOMAS M. ROSE
                                          UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record